# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THERESA A. EVANS, *et al.*, ) <br> ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BRISTOL-MYERS SQUIBB COMPANY, ) <br> *et al.*, ) <br> ) <br> Defendants. ) | No. 12 C 5005 <br><br> Senior U.S. District Court Judge <br> George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed this action in the Circuit Court of Cook County, Illinois, alleging claims related to overpromotion of the drug known by the brand name Plavix against defendants Bristol-Myers Squibb Company; Sanofi-Aventis U.S., L.L.C.; Sanofi-Aventis, U.S., Inc.; and Sanofi-Synthelabo, Inc. Defendants filed a notice of removal on June 22, 2012. Before this court are plaintiffs' motion to remand and defendants' motion to dismiss.

There are 81 total plaintiffs joined in this suit, 77 of which are of diverse citizenship from defendants. All four defendants are incorporated in the state of Delaware. One has its principal place of business in New York, and the other three have their principal places of business in New Jersey. Plaintiffs are from 24 different states. Three plaintiffs are citizens of New York and one is a citizen of New Jersey.

Defendants assert that the four non-diverse plaintiffs were fraudulently misjoined in an effort to defeat diversity jurisdiction. Plaintiffs argue that the doctrine of fraudulent misjoinder should not be adopted. The doctrine of fraudulent misjoinder "arose from the Eleventh Circuit's decision in *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir.1996), in which the

court held that while 'mere misjoinder' will not destroy diversity jurisdiction, 'egregious' misjoinder of claims is tantamount to fraudulent joinder and may consequently destroy diversity." *Alegre v. Aguayo*, 2007 WL 141891, at *5 (N.D. Ill.). The Seventh Circuit has held that courts "should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Additionally, "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Id.* Four of the plaintiffs are not diverse from the defendants, and the presence of these four non-diverse plaintiffs defeats the complete diversity necessary to remove this case to this court. 28 U.S.C.A. §1332 (2012); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996).

Defendants argue that the doctrine of fraudulent misjoinder should be adopted by this court and applied in this case because of the variety of the harms, the citizenship of plaintiffs, and the timespan during which the drug Plavix was used. Specifically, defendants argue that plaintiffs' claims do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). The Seventh Circuit, however, has held that "plaintiffs as master of their complaint may include (or omit) claims or parties in order to determine the forum." *Garbie v. DaimlerChrysler Corp.* 211 F.3d 407 (7th Cir. 2000). Furthermore, the Seventh Circuit has held that "neither [28 U.S.C.] §1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal." Id. at 410.

In urging this court to adopt the doctrine of fraudulent misjoinder, defendants point out that it has been recognized in the Twelfth and Fifth Circuits. However, "the United States Court of Appeals for the Seventh Circuit has not had occasion to pass on the validity of the doctrine of 'fraudulent misjoinder.'" *Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 851 (S.D. Ill.

2006). While there has been no explicit rejection of the doctrine by the Seventh Circuit, "this doctrine has been highly criticized and rejected by other courts in the Northern and Southern District of Illinois and by courts in other districts of the Seventh Circuit." *Livingston v. Hoffman La-Roche, Inc.*, 2009 WL 2448804, at *8 (N.D. Ill.). "Whether viable state-law claims have been misjoined—even 'egregiously' misjoined—is a matter to be resolved by a state court. Nothing in the jurisprudence of the Supreme Court of the United States regarding fraudulent joinder suggests that the joinder of non-fraudulent claims is a question that implicates the subject matter jurisdiction of a federal court." *Rutherford v. Merck & Co., Inc.*, 428 F. Supp. at 851; *see Wolf v. Kennelly*, 540 F.Supp.2d 955, 962 (N.D.Ill. 2008)("[I]t is the state court, and not this court, who should determine whether misjoinder exists here.").

The doctrine has been regarded by courts within the Southern District of Illinois as "an improper expansion of the scope of federal diversity jurisdiction by the federal courts." *Rutherford v. Merck & Co.*, 428 F.Supp.2d at 852; *see Robinson v. Ortho-McNeil Pharm., Inc.*, 533 F.Supp.2d 838, 842 (S.D.Ill. 2008) (declining to adopt the doctrine on the basis that it is a judicial innovation that enlarges the scope of federal jurisdiction). Absent clear legislative direction or binding judicial guidance, and due to the current "muddled state of fraudulent misjoinder jurisprudence," *Alegre v. Aguayo*, 2007 WL 141891, at *5-6 (N.D.Ill.), this court also declines to adopt the doctrine of fraudulent misjoinder. Defendants do not argue that any of the joined claims is fraudulent, and this court concurs with other courts in this circuit that the matter presented is not a jurisdictional one for this court to resolve. Accordingly, this case will be remanded.

Having granted plaintiffs' motion to remand, this court need not rule on defendants' motion to dismiss.

12 C 5005

**ORDERED:** Plaintiffs' motion to remand [28] is granted. This action is remanded to the Circuit Court of Cook County, Illinois.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: October 16, 2012